Hkmphill, Ch. J.
I concur in the judgment in this case, and in the reasons upon which it is founded, but decline to express an opinion as to whether contracts of the nature and character of the one between Spellings and the plaintiff be void or not. The question is of great importance, and I am unwilling to express auj opinion upon it without full discussion and thorough examination. Many of the suits for lands before the boards of laud commissioners and before the District Courts have been prosecuted and titles secured under agreements containing the like conditions. There was a period at which títere was very little or no money in the country. Lands were comparatively valueless, but formed frequently the only fund for the remuneration of the services of agents or attorneys. These were necessarily, though perhaps reluctantly, aiid as they may have supposed to their own detriment, compelled to rely for payment on a portion of the property in controversy. The titles for an immense poition of the lands of the country were secured in this way, and,could have been procured iu no other. The claimants wore frequently unable and indisposed to prosecute their claims on other conditions. If such titles be disturbed, another element of agitation, another darkening cloud, would arise to trouble and overshadow the landed interests of the country.
And I also decline to express any opinion as to the effect of a conveyance of lands to a third party while the possession is held adversely by another. That the conveyance is mili and has no operation except between the grantor and grantee isa doctrine which prevails iu most of the States, founded generally upon local legislation, but has not been introduced into New Hampshire, Pennsylvania, Illinois, Missouri, or Louisiana, In (i Binney, 421, it is said “that from the equality of the condition of persons in ibis country there was *143 no danger of maintenance from the influence of powerful individuals, and the abundance and cheapness of lands rendered it necessary to admit of itstransfei with almost as much facility as personal property. For these reasons, when deeds and devises of land have been considered in our courts, it has never been made a question whether the grantor or devisor was in or out of possession, and to make it now would disturb wliat has been looked upon as settled.” See 2 Watts, where the doctrine invalidating such transfers is referred to the statute of the 22 II. 8, c. 9. (4 Kent, 447.)
Note 49.—Campbell v. Wilson, post, 379; Tulane v. McKee, 10 T., 335; Ward v. Lathrop, 11 T., 287; Bufcterworth v. Kinsey, 14 T., 495; Mickie v. McGehee, 27 T., 134.
These observations are made for the purpose of inviting discussion wlien the questions are presented for decision, as they probably will be in some future case, and that a full argument may be had.